

SO ORDERED.
SIGNED 19th day of September, 2024

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Charles M. Walker
U.S. Bankruptcy Judge

mk

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

DEBTORS **JEFFERY WAYNE LOVELL**            Case No. **24-01377-CW1-13**
        **TIFFANY NICOLE LOVELL**
        **SSN XXX-XX- 8817  SSN XXX-XX- 4274**

## ORDER CONFIRMING CHAPTER 13 PLAN AND GRANTING RELATED MOTIONS

### CONFIRMED WITH CHANGES

The Court finds that all information required under § 521(a)(1)(B) has been submitted and that the case is not dismissed under § 521(i). The Court further finds that it is in the best interests of creditors and the estate to confirm this case.

The debtors' plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. § 1325 and all timely objections to confirmation have been withdrawn, resolved, or overruled. It is, therefore, ORDERED:

1. The plan is confirmed as set out below.

2. A timely proof of claim must be filed before the creditor will be paid under the plan.

3. The debtors shall not incur any debts without approval from the trustee or this Court, except debts necessary for emergency medical or hospital care.

4. The debtors shall not reduce the amounts withheld for taxes on a W-4 submitted to an employer without approval of the trustee or the Court.

5. The trustee shall deduct permitted compensation and expenses in accordance with 28 U.S.C. §586(e).

6. Before making any disbursements to creditors under the plan, the trustee shall disburse to the Court Clerk the sum of **$313.00** for filing fees.

7. The debtors shall be responsible for the preservation and protection-including insurance-of all property of the estate.

8. The trustee and the debtors retain the right to object to any claims or supplements to claims and to pursue any causes of action for the benefit of the debtors or the estate-including avoidance and recovery actions and actions that would upset the liens of creditors treated as secured under the confirmed plan.

# PART 1: NOTICES

The confirmed plan **DOES** include nonstandard provisions, set out in Part 9 below.

This order is final and binding under 11 U.S.C. § 1327 upon entry of the order. This order may include provisions different than what was contained in the original plan. Parties are encouraged to carefully review the terms of this order and the previously noticed plan. Any request to reconsider the terms of this order should be raised within 14 days.

An exhibit attached to this order lists the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

# PART 2: PLAN PAYMENTS AND LENGTH OF PLAN

**Debtors will make payments to the trustee as follows**:

$2,874.25 WEEKLY from JEFFERY WAYNE LOVELL (DIRECT PAY)

[via TFS]

The plan is expected to last approximately **60** months. The plan will not be complete unless the payments to creditors specified in this order have been made.

**Plan "base" and income tax refunds:**

Debtors shall pay to the trustee a minimum amount, called a "base," of **$747,300.00**.

Any funds remaining from the base after making the other disbursements required by this order shall be used to increase the distribution to allowed nonpriority unsecured claims addressed in § 5.1.

## PART 3: TREATMENT OF SECURED CLAIMS

### 3.1 Maintenance of payments and cure of default under 11 U.S.C. § 1322(b)(5).

Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claimholder listed below the obligation to:
· Apply arrearage payments received from the trustee only to such arrearages.
· Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Creditor/Collateral | Current monthly payment (including escrow) | Amount of arrearage | Last month in prepetition arrearage | Monthly paymt on arr, if any |
|---|---|---|---|---|
| ONSLOW BAY FINANCIAL LLC<br><br>MTG CONT 1399 CLIFF AMOS RD LAND MAURY COUNTY DISPUTED | $2,313.36 | Prepetition: $3,235.54<br><br>Gap payments: $11,566.80<br><br>Months in gap: MAY 2024-SEP 2024 | 04/24 | pro rata<br><br>pro rata |

As of the submission of this order to the Court, the trustee's records reflect the following filed notice(s) of post-petition fees, expenses, and charges:

| Creditor/Collateral | Amount of asserted fee(s), expense(s), charge(s) | Monthly payment on arr, if any |
|---|---|---|
| ONSLOW BAY FINANCIAL LLC | $300.00 | pro rata |

| | | |
|---|---|---|
| ONSLOW BAY FINANCIAL LLC | $300.00 | pro rata |

### 3.2 Valuation of security and claim modification.

For each claim listed below, the Court determines the value of the creditor's interest in any property securing the claim in accordance with the amount stated in the column headed *Value securing claim*. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim amount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The amount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| **Creditor/Collateral** | **Amount of Claim** | **Value securing** | **Value of collateral less than Claim?** | **Interest Rate** | **Monthly Payment** |
|---|---|---|---|---|---|
| ADVANCED BUILDING SOLUTIONS INC * JUDGMENT 21509 CONT 1399 CLIFF AMOS RD MAURY CO LAND DISPUTED INTEREST BY AGREEMENT | $402,481.46 | $402,481.46(e) | No | 6.50% | $7,876.00 |
| LIBERTY FCU 2022 POLARIS R22 | $26,126.49 | $20,000.00 | Yes | 8.50% | $411.00 |

### 3.3 Secured claims excluded from 11 U.S.C. § 506.
The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full through the trustee as stated below.  The claim amount stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a)     payment of the underlying debt determined under nonbankruptcy law, or

(b)     discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| **Creditor/Collateral** | **Amt of claim** | **Int rate** | **Monthly pymt** |
|---|---|---|---|
| CAPITAL ONE AUTO FINANCE | $15,100.57 | 8.50% | $321.00 |
| 2017 FORD MUSTANG / 910 AUTOMOBILE LOAN | | | |

**3.4 Lien avoidance.**

--------------- NONE ---------------

**3.5 Surrender of collateral.**

--------------- NONE ---------------

**PART 4: TREATMENT OF PRIORITY CLAIMS (INCLUDING ATTORNEY'S FEES AND DOMESTIC SUPPORT OBLIGATIONS)**

**4.1 Attorney's fees.**

The balance of fees currently owed to **KEITH D SLOCUM** is **$4,950.00**. The total fee awarded to the attorney is **$4,950.00** .

The balance of fees awarded by this order and any additional fees that may be awarded shall be paid through the trustee as follows:  **Available funds**.

**4.2 Domestic support obligations.**

**(a)  Pre- and postpetition domestic support obligations to be paid in full.**

----------NONE----------

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

----------NONE----------

**4.3 Other priority claims.**

----------NONE----------

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS AND POSTPETITION CLAIMS

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. A minimum sum of **-0-** and a minimum dividend of **20.000**% shall be paid to these claims. Any funds remaining after disbursements have been made to all other creditors provided for in this plan shall also be distributed to these claims.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.**

N/A

**5.3 Maintenance of payments and cure of default on nonpriority unsecured claims.**

--------------- NONE ---------------

**5.4 Separately classified nonpriority unsecured claims.**

--------------- NONE ---------------

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

----------NONE----------

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1 The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected.**

--------------- NONE ---------------

## PART 7: ORDER OF DISTRIBUTION OF AVAILABLE FUNDS BY TRUSTEE

| Debtors | LOVELL | Case number | 24-01377-CW1-13 |
|---|---|---|---|

**7.1 The trustee will make monthly disbursements of available funds in the order indicated by the "disbursement levels" in the attached Exhibit.**

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan for any disbursement level, the trustee shall allocate available funds to the claims in that disbursement level pro rata. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee shall withhold the partial payment amount and treat the amount as available funds in the following month.

**PART 8: VESTING OF PROPERTY OF THE ESTATE**

**8.1 Property of the estate will vest in the debtors upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is specified below:**

**PART 9:    NONSTANDARD PLAN PROVISIONS**

**The DEBTORS shall employ the TFS system to effect regularly pre-scheduled payments no less frequently than monthly and shall activate the TFS system within 14 days of this order. Debtors' counsel shall assist as necessary.**

Approved:

/s/KEITH D SLOCUM
KEITH D SLOCUM
ATTY FOR THE DEBTOR
PO BOX 680729
FRANKLIN, TN  37068
615-656-3344
notice@keithslocum.com

Original 341 Date: **June 4, 2024   1:30 pm**
Case no: **24-01377-CW1-13**
Printed:   **09/19/2024              10:08 am**

# EXHIBIT

## SCHEDULED AND ALLOWED CLAIMS AND ORDER OF DISTRIBUTION

The list below identifies the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

The "disbursement level" indicates the order of distribution on a monthly basis. See Part 7 of the attached Order.

\* An asterisk next to a claim indicates that a proof of claim has been filed for the listed creditor. No disbursements will be made on any claim pursuant to the plan unless a timely proof of claim is filed.

! An exclamation mark next to a claim indicates the trustee has placed a "reserve" on the claim and will withhold disbursements pending a further determination. For information about a "reserve" contact the trustee's office.

| | Name of Creditor | Type of Claim | Order of Distribution |
|---|---|---|---|
| | US BANKRUPTCY COURT | FILING FEE | 1 |
| * | ONSLOW BAY FINANCIAL LLC MTG CONT 1399 CLIFF AMOS RD LAND MAURY COUNTY DISPUTED | MTG-ON GOING MTG PYMT | 2 |
| * | ADVANCED BUILDING SOLUTIONS II JUDGMENT 21509 CONT 1399 CLIFF AMOS RD MAURY CO LAND DISPUTED INTEREST BY AGREEMENT+ /e | MTG-SECURED PIF MTG CLMS | 2 |
| * | CAPITAL ONE AUTO FINANCE 2017 FORD MUSTANG | 910 AUTOMOBILE LOAN | 3 |
| * | LIBERTY FCU 2022 POLARIS R22 | SECURED CREDITOR | 3 |
| | KEITH D SLOCUM | ATTORNEY FEE | 4 |
| * | ONSLOW BAY FINANCIAL LLC | MTG-FEES, COSTS & EXPENSES | 5 |
| * | ONSLOW BAY FINANCIAL LLC | MTG-FEES, COSTS & EXPENSES | 5 |
| * | ONSLOW BAY FINANCIAL LLC MAY SEP 24 1399 CLIFF AMOS RD LAND MAURY COUNTY DISPUTED | MTG-GAP PYMTS (POST PET/PRE CONF) | 5 |
| * | ONSLOW BAY FINANCIAL LLC | MTG-PRE-PETITION ARREARS | 5 |

| | | | |
|---|---|---|---|
| | MTG ARRS 1399 CLIFF AMOS RD LAND MAURY COUNTY DISPUTED THRU APR | | |
| | AIDVANTAGE STUDENT LOAN | UNSECURED CREDITOR | 6 |
| * | CAPITAL ONE NA | UNSECURED CREDITOR | 6 |
| * | CENTENNIAL MEDICAL CENTER | UNSECURED CREDITOR | 6 |
| | GOLDMAN SACHS BANK USA | UNSECURED CREDITOR | 6 |
| * | JEFFERSON CAPITAL SYSTEMS LLC DISCOUNT TIRE CC SYNCHRONY BANK | UNSECURED CREDITOR | 6 |
| * | JPMORGAN CHASE BANK NA SOUTHWEST CC | UNSECURED CREDITOR | 6 |
| * | JPMORGAN CHASE BANK NA SOUTHWEST CC | UNSECURED CREDITOR | 6 |
| | KOHLS | UNSECURED CREDITOR | 6 |
| * | LVNV FUNDING LLC CC LOWES | UNSECURED CREDITOR | 6 |
| | MOHELA STUDENT LOAN | UNSECURED CREDITOR | 6 |
| * | PORTFOLIO RECOVERY ASSOCIATES MASTERCARD BARCLAYS BANK DELAWARE | UNSECURED CREDITOR | 6 |
| * | PORTFOLIO RECOVERY ASSOCIATES CAPITAL ONE KOHLS | UNSECURED CREDITOR | 6 |
| * | QUANTUM3 GROUP LLC VICTORIAS SECRET | UNSECURED CREDITOR | 6 |
| * | SPRING HILL IMAGING LLC | UNSECURED CREDITOR | 6 |
| | UNKNOWN PLAINTIFF | UNSECURED CREDITOR | 6 |
| | UPLIFT INC | UNSECURED CREDITOR | 6 |
| * | US BANK | UNSECURED CREDITOR | 6 |
| * | US BANK NATIONAL ASSOCIATION CC | UNSECURED CREDITOR | 6 |

| | | | |
|---|---|---|---|
| * | US BANK NATIONAL ASSOCIATION CC | UNSECURED CREDITOR | 6 |
| * | WELLS FARGO BANK EFT | UNSECURED CREDITOR | 6 |
| | 1305 CLAIM | UNSECURED - 1305 | 7 |