# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

| | |
|---|---|
| JEFFERY WAYNE LOVELL | CASE NO. 24-01377-CW1-13 |
| TIFFANY NICOLE LOVELL | JUDGE CHARLES M WALKER |//

JEFFERY WAYNE LOVELL                                         CASE NO. 24-01377-CW1-13
TIFFANY NICOLE LOVELL                                     JUDGE CHARLES M WALKER
1399 CLIFF AMOS RD
SPRING HILL, TN  37174
SSN XXX-XX-8817       SSN XXX-XX-4274

---

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS 3/24/2025.**
**IF A RESPONSE IS TIMELY FILED THE HEARING DATE WILL BE: 4/16/2025 AT 9:30 AM Joint Hearing Courtroom (COL); (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203 .**

---

### NOTICE OF MOTION TO DISMISS FOR FAILURE OF DEBTORS TO FUND PLAN

    Henry E. Hildebrand, III, Chapter 13 Trustee, has asked the court for the following relief: MOTION TO  DISMISS  FOR FAILURE OF DEBTORS TO FUND PLAN .

    **YOUR RIGHTS MAY BE AFFECTED**.  If you do not want the court to grant the attached motion or if you want the court to consider your views on the motion, then on or before <u>the response date stated above</u>, you or your attorney must:

1. File with the court your response or objection explaining your position.  Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing.  Any response objection you wish to file must be submitted electronically.  To file electronically, you or your attorney must go to the court website and follow the instructions at: https://ecf.tnmb.uscourts.gov.

 If you need assistance with Electronic Case Filing you may call the Bankruptcy Court at (615)736-5584.  The Bankruptcy Court may be visited in person at: US Bankruptcy Court, 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M.- 4:00 P.M.).

2. Your response must state the deadline for filing response,  the date of the scheduled hearing, and the motion to which you are responding .

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE**. You may check whether a timely response has been filed by calling the Clerk's office at 615-736-5584. If you received this notice by mail, you may have three additional days in which to file a timely response under Rule 9006(f) of the Federal Rules of Bankruptcy Procedure.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

<u>/s/ Henry E. Hildebrand, III</u>
HENRY E. HILDEBRAND, III
CHAPTER 13 TRUSTEE
P O BOX 340019
NASHVILLE, TN 37203
PHONE: 615-244-1101
pleadings@ch13nsh.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:  
JEFFERY WAYNE LOVELL  
TIFFANY NICOLE LOVELL  
1399 CLIFF AMOS RD  
SPRING HILL, TN  37174

Case No.24-01377-CW1-13  
JUDGE CHARLES M WALKER

SSN XXX-XX-8817    SSN XXX-XX-4274                                03/03/2025

## MOTION TO DISMISS FOR
## FAILURE OF DEBTORS TO FUND PLAN

HENRY E. HILDEBRAND, III, Standing Trustee for Chapter 13 matters in the Middle District Of Tennessee, respectfully moves this Court to dismiss the above-styled case, for cause, pursuant to 11 U.S.C. § 1307(c)(6), for a material default with respect to payments to the Trustee required by the confirmed plan.

In support of this motion, the Trustee would state that on **April 22, 2024** the debtors filed the above-styled case. An order confirming Chapter 13 plan ("Confirmation Order") was entered on **September 20, 2024**. The proposed plan length is **60** and it has been **6** months since confirmation.

Orders to pay Trustee have been issued as follows:

| Date | Amount | How Often | Who's Paying |
|---|---|---|---|
| 05/22/2024 | $960.00 | WEEKLY | JEFFERY WAYNE LOVELL |
| 09/11/2024 | $2,874.25 | WEEKLY | JEFFERY WAYNE LOVELL |
| 10/02/2024 | $12,456.00 | MONTHLY | JEFFERY WAYNE LOVELL |

The Trustee has estimated the plan payments due to be paid to the Trustee and payments received by the Trustee are as follows:

| Period | Date | Pymt Due | Pymt Rec'd | Adjustment | Delinq |
|---|---|---|---|---|---|
| 1 | 05/2024 | $1,920.00 | $3,840.00 | $0.00 | $(1,920.00) |
| 2 | 06/2024 | $3,840.00 | $4,800.00 | $0.00 | $(2,880.00) |
| 3 | 07/2024 | $4,800.00 | $3,840.00 | $0.00 | $(1,920.00) |
| 4 | 08/2024 | $3,840.00 | $4,800.00 | $0.00 | $(2,880.00) |
| 5 | 09/2024 | $9,582.75 | $3,840.00 | $0.00 | $2,862.75 |
| 6 | 10/2024 | $12,456.00 | $3,840.00 | $0.00 | $11,478.75 |

| | | | | | |
|---|---|---|---|---|---|
| 7 | 11/2024 | $12,456.00 | $12,460.00 | $0.00 | $11,474.75 |
| 8 | 12/2024 | $12,456.00 | $13,500.00 | $0.00 | $10,430.75 |
| 9 | 01/2025 | $12,456.00 | $22,100.00 | $0.00 | $786.75 |
| 10 | 02/2025 | $12,456.00 | $3,840.00 | $0.00 | $9,402.75 |
| 11 | 03/2025 | $12,456.00 | $0.00 | $0.00 | $21,858.75 |

**Total Delinquent Amount: $21,858.75**

The records of the Trustee show receipts from the debtors in the past six months as follows:

| Date | Payment Received | From |
|---|---|---|
| 09/09/24 | $960.00 | |
| 09/13/24 | $960.00 | |
| 09/20/24 | $960.00 | |
| 09/27/24 | $960.00 | |
| 10/04/24 | $960.00 | |
| 10/11/24 | $960.00 | |
| 10/21/24 | $960.00 | |
| 10/25/24 | $960.00 | |
| 11/01/24 | $960.00 | |
| 11/05/24 | $8620.00 | |
| 11/08/24 | $960.00 | |
| 11/18/24 | $960.00 | |
| 11/22/24 | $960.00 | |
| 12/02/24 | $960.00 | |
| 12/06/24 | $8700.00 | |
| 12/06/24 | $960.00 | |
| 12/13/24 | $960.00 | |
| 12/20/24 | $960.00 | |
| 12/30/24 | $960.00 | |
| 01/03/25 | $8650.00 | |
| 01/06/25 | $960.00 | |
| 01/10/25 | $960.00 | |
| 01/17/25 | $960.00 | |
| 01/27/25 | $960.00 | |
| 01/31/25 | $8650.00 | |

| | |
|---|---|
| 01/31/25 | $960.00 |
| 02/07/25 | $960.00 |
| 02/14/25 | $960.00 |
| 02/24/25 | $960.00 |
| 02/28/25 | $960.00 |

The debtors' failure to make plan payments to the Trustee as required by the Confirmation Order and any subsequent modification is a material default by the debtors with respect to a term of the confirmed plan and justifies dismissal or in the alternative conversion of the case, pursuant to 11 U.S.C. § 1307(c)(6).

WHEREFORE, THE PREMISES CONSIDERED, the Trustee moves this Court to dismiss the above-styled case, for cause, pursuant to 11 U.S.C. § 1307(c)(6).

/s/ Henry E. Hildebrand, III
HENRY E. HILDEBRAND, III
CHAPTER 13 TRUSTEE
P O BOX 340019
NASHVILLE, TN  37203
PHONE:  615-244-1101
pleadings@ch13nsh.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by US Postal Service, postage prepaid on JEFFERY WAYNE LOVELL & TIFFANY NICOLE LOVELL, 1399 Cliff Amos Rd, Spring Hill, TN  37174;
and by email by Electronic Case Noticing to The Office of the United States Trustee, and KEITH D SLOCUM, Debtors' counsel
on this  3rd day of March, 2025.

/s/ Henry E. Hildebrand, III
HENRY E. HILDEBRAND, III
Chapter 13 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:
JEFFERY WAYNE LOVELL
TIFFANY NICOLE LOVELL
1399 CLIFF AMOS RD
SPRING HILL, TN 37174

Case No.24-01377-CW1-13
03/03/2025

SSN XXX-XX-8817    SSN XXX-XX-4274

## ORDER DISMISSING CHAPTER 13 CASE
## FOR FAILURE OF DEBTOR TO FUND PLAN

     It appearing to the Court, based upon the certification of the Trustee as indicated by his electronic signature below, that the Trustee has filed a Motion to Dismiss for Failure to Fund Plan. Pursuant to Rule 9013-1 of the Local Rules of the Bankruptcy Court for the Middle District of Tennessee, the Trustee has forwarded a copy of the motion along with notice and an opportunity to be heard to the debtors, debtors' counsel, and the Assistant U.S. Trustee. No affected party in interest has objected to, or requested a hearing on, the Trustee's motion, it is therefore

     Ordered, the Chapter 13 case is dismissed for cause, pursuant to 11 U.S.C. § 1307(c)(6) for failure of the debtor to fund plan as required by orders of this court; It is further,

     Ordered, in the event the Trustee has not received funds sufficient to pay the required filing fee, and if fee has not otherwise been paid, the debtors shall immediately transmit the amount to the clerk of the Bankruptcy Court. In no event shall the debtor fail to make this payment later than thirty (30) days from the date of this order.

APPROVED:

/s/ Henry E. Hildebrand, III
HENRY E. HILDEBRAND, III
CHAPTER 13 TRUSTEE
P O BOX 340019
NASHVILLE, TN 37203
PHONE: 615-244-1101
pleadings@ch13nsh.com

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.